IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA                                            PLAINTIFF

V.                                                    CRIMINAL NO. 3:12cr104DCB-FKB

JEROME GORDON WELLINGTON                                         DEFENDANT

## FINAL ORDER OF FORFEITURE

WHEREAS pursuant to Title 21, United States Code Section, 853 and by virtue of the defendant Jerome Gordon Wellington's guilty plea and the Court's Agreed Preliminary Order of Forfeiture, all right, title and interest of defendant Jerome Gordon Wellington in the below-described property was forfeited to and is now vested in the United States of America for disposition in accordance with law, subject to the provisions of Title 21, United States Code, Section 853(n); and,

WHEREAS Notice of Criminal Forfeiture was posted on an official government internet site (www.forfeiture.gov) for at least 30 consecutive days, beginning on November 13, 2013, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  Said notice advised that any person asserting a legal interest in the property subject to forfeiture may, within sixty (60) days from the first day of publication of notice, petition the Court for a hearing to adjudicate the validity of his or her alleged interest in the property.   The United States further provided direct written notice to any persons known to have an alleged interest in the property, namely, Regions Bank, and,

WHEREAS Regions Bank, by and through its attorney, Robert Parrott, filed its petition asserting its interest in the below-described real property as the equitable owner of the promissory note executed by defendant Jerome Gordon Wellington; and,

WHEREAS the United States and Regions Bank having agreed to settle Regions Bank's petition in accordance with the terms set forth in the Stipulation to Recognize Claim of Regions Bank (Ct. Doc. No. 65) between said parties; and,

WHEREAS no other third-parties have come forward to assert an interest in the property in the time required under Title 21, United States Code, Section 853(n)(2); and,

WHEREAS the United States having met all statutory requirements for the forfeiture of the below-described property is authorized to, and it should, reduce the below said property to its possession.

NOW, THEREFORE, the Court having considered the matter and been fully advised in the premises, it is hereby **ORDERED, ADJUDGED,** and **DECREED**, pursuant to Title 21, United States Code, Section 853, the following real property is forfeited to the United States of America:

### **REAL PROPERTY**

**Real Property located at 105 Dupuy Circle, Byram, Hinds County, Mississippi, more particularly described as:**

**Lot 130, Silver Creek Estates, Part III, a subdivision according to the map or plat thereof which is on file and of record in the office of the Chancery Clerk of Hinds County at Jackson, Mississippi in Plat Book 39 at Page 39, reference to which is hereby made.**

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that all right, title and interest to the above-described property is hereby condemned, forfeited, and vested in the United States of America and shall be disposed of according to law; and,

**IT IS FURTHER ORDERED** that the Internal Revenue Service take the above-described property into its secure custody and control for disposition according to law; and,

**IT IS FURTHER ORDERED** that, upon entry of a Final Order of Forfeiture, forfeiting the real property to the United States and upon the sale of the real property by the United States, the United States will pay Regions Bank the following sums from the proceeds of the sale (after deducting all costs of the sale):

a.   an unpaid balance, as of March 31, 2014, of $96,454.91, plus accrued interest in the amount of $5,195.99 and fees and costs in the amount of $8,882.85 as provided for in the Note and Deed of Trust, for a total amount of $110,533.75 plus interest accruing and fees and costs incurred after March 31, 2014, up to the date of the sale, with interest accruing for said period at the contract rate of 6.5% per annum (the "Stipulated Sum").

b.   No sale will be had unless the net proceeds, after deducting all costs of sale, are sufficient to pay Regions Bank the Stipulated Sum.

c.   In the event that it appears that said real property cannot be sold by the United States for an amount sufficient to cover all of the amounts owing to Regions Bank as outlined above, the United States and Regions Bank will consult to determine the best course of action which may include moving to dismiss this action against the property or to convey the property to Regions Bank free and clear of any encumbrances by the United States in relation to this action.

d.   as part of the closing on the sale of the real property, Regions Bank's right to payment shall be a first lien on the net proceeds of the sale.

e.   upon receipt of payment of the Stipulated Sum, Regions Bank will cancel and surrender its Deed of Trust.

f.   if the Internal Revenue Service determines that the appraised value of the property does not warrant the sale of the property, the United States may void the stipulation in

accordance with paragraph 11 of the Stipulation to Recognize Claim of Regions Bank.

g.   the payment to Regions Bank shall be in full settlement and satisfaction of any and all claims by Regions Bank to the real property and all claims resulting from the incidents or circumstances giving rise to Regions Bank's claim in this matter.

h.   upon payment, Regions Bank, agrees to release and hold harmless the United States, and any agents, servants, and employees of the United States (or any state or local law enforcement agency) acting in their individual or official capacities, from any and all claims by Regions Bank and its agents which currently exist or which may arise as a result of the United States' action in this case.

**IT IS FURTHER ORDERED** that the United States of America shall have clear title to the above-described property that is the subject of this Final Order of Forfeiture and may warrant good title to any subsequent purchaser or transferee; and

**IT IS FURTHER ORDERED** that the United States District Court shall retain jurisdiction in the case for the purpose of enforcing this Judgment; and,

**SO ORDERED** this __8th__ day of __September__, 2014.


_____ s/ David Bramlette _____
UNITED STATES DISTRICT JUDGE